## W. B. McCORMICK et al. *v.* G. W. GARTH.

**" U. S."— Meaning — " The Government "— Meaning.**

It cannot be judicially known what the cabalistic letters " U. S." mean. There is no legal definite technical meaning attached to them, nor can it be determined that the words " the Government " means any other government than that of Kentucky.

**Contracts — Sale of Whisky — Breach of United States Revenue Laws No bar to recovery — Jurisdiction — United States Courts — Comity.**

A mere breach of a revenue law of the United States cannot be pleaded in bar of a recovery on a contract valid under the laws of this State. If the United States Courts had jurisdiction of the cause they might declare the contract void.

APPEAL FROM TODD CIRCUIT COURT.

June 10, 1867.

OPINION OF THE COURT BY JUDGE WILLIAMS:

The first paragraph of defendant's answer alleges that he did not owe plaintiff, McCormick, anything for whisky *purchased from him;* the amended petition avers that he purchased the whisky from Prewit, who owned it and sold it to Garth to pay a debt due from Prewit to McCormick, and makes Prewit a coplaintiff; this paragraph of the answer was not responsive to the plaintiff's pleadings as they then showed and presented no defense.

The second paragraph of the answer admits he purchased about thirty-two or thirty-three gallons of whisky of Prewit, but avers that neither McCormick nor Prewit had " government license to sell whisky and that the sale was contrary to the statutes of the *U. S.,* and hence the sale was void."

We cannot know judicially what the cabalistic letters *" U. S."* means. Certainly there is no legal definite technical meaning attached to them; nor can we determine that the words " the government " mean any other government than that of Kentucky.

If this answer was intended to plead in bar the acts of the Congress of the United States regulating the revenues of the government of the United States, it is radically defective and the demurrer should have been sustained for this reason.

Besides we apprehend the mere breach of a revenue law of the United States cannot be pleaded in bar of a recovery on a contract valid under the laws of the States. The United States has the undoubted right through its own courts to inflict punishment for the breach of its revenue laws, and perhaps when its courts have jurisdiction of causes they might declare the contract void, but the State courts are not bound to declare the contract void when valid by the State laws, either as a matter of law or comity.

Wherefore, the judgment is reversed, with directions for a new trial and further proceedings in accordance herewith.